(No. 2762— )

PAUL H. BOYERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

CLARENCE B. DAVIS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

*Per Curiam:*

On June 30, 1937, an award was made to the claimant, Paul H. Boyers, in the amount of Two Thousand Two Hundred and Twenty-five Dollars ($2,225.00), compensation for a 50 per cent permanent disability. Jurisdiction was expressly reserved for such further orders as might subsequently be made. (*Boyers vs. State,* 9 C. C. R. 530). On May 14, 1941, an additional award was made to the claimant in the amount of Six Hundred Sixty-seven Dollars and Fifty Cents ($667.50), compensation for an additional 15 per cent permanent disability. Jurisdiction of the case was again retained.

On April 27, 1942, claimant filed herein his motion to reopen the case for the purpose of taking additional testimony and seeking an additional award on the ground that since the award of May 14, 1941, his health had become worse and his earning power gradually decreased. The motion was granted, and further testimony was taken on August 24, 1942. On March 9, 1943, the Court found that an insufficient showing had been made by claimant and denied a further award. Petition for rehearing was denied April 15, 1943. (*Boyer* vs. *State,* 12 C. C. R. 377). On May 27, 1943, claimant again moved to reopen the case to present new and additional testimony. This motion was granted, and further testimony was heard by one of the judges of this Court at Sterling, Illinois, on January 31, 1944.

It appears clearly from the record that the claimant's present physical condition is a result of the injury for which the previous awards were made; that claimant has been compensated on the basis of an aggregate of sixty-five (65) per cent total and permanent disability; that claimant's physical condition grows slowly and progressively worse. It is very possible that claimant will ultimately be wholly and permanently incapacitated. Obviously, however, he is not wholly incapacitated at the present time, and although the medical testimony indicates an increase of disability since the last prior award, the testimony also shows that claimant is now employed by the International Harvester Company as a machinist, working forty-eight (48) hours a week. He earns an average of ninety-eight and one-half cents (98½) an hour. Even with time off because of ill health, he is employed ninety (90) per cent of the time. When the injury occurred, claimant was earning between $30.00 and $34.00 per week. In view of the fact that he is now

employed and earning more than he earned prior to the accident, the Court would not be justified in granting a further award at this time.

The claimant, however, has incurred, since the prior award in this case, medical expenses which were clearly necessary to relieve him from the effects of the injury sustained. Under Section 8a of the Workmen's Compensation Act, an award may be made for all necessary medical, surgical and hospital services reasonably required to cure or relieve from the effects of an injury. (*Penwell* vs. *State*, 12 C. C. R. 73.) Claimant is therefore entitled to an award in the amount of One Hundred and Twenty-five Dollars ($125.00) for necessary medical expenses incurred as a result of the injury and for which he has not previously been reimbursed.

An award is therefore made in favor of the claimant in the amount of One Hundred and Twenty-five Dollars ($125.00), payable forthwith.